[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13331
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cr-10009-JEM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD SARGENT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 8, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Donald Sargent appeals his sentence of 33 months' imprisonment after pleading guilty to wire fraud, in violation of 18 U.S.C. § 1343, pursuant to a plea agreement.  On appeal, he argues that the government breached the plea agreement when it argued at sentencing that the amount of loss attributable to Sargent was $75,215.36, rather than $24,000.00, because the plea agreement stated that he, through his codefendant, only asserted $24,000 in false claims.  Sargent concludes that, because the government argued that the economic loss attributable to him as a result of the offense exceeded $70,000.00, his offense level increased, resulting in a greater guideline range and a higher sentence.

We review *de novo* the question of whether the government breached a plea agreement.  *United States v. Horsfall*, 552 F.3d 1275, 1281 (11th Cir. 2008).  "The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." *Id.*  The question of a breach is judged according to the defendant's reasonable understanding of the terms.  *Id.*  Further, "the Government breaches a plea agreement where the Government introduces or supports facts at sentencing that contradict the facts stipulated to in the agreement." *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008).

The government did not breach the plea agreement because the plea agreement did not contain any terms in which Sargent and the government

2

stipulated that the amount of loss attributable to him was $24,000.00.  Rather, the plea agreement stated that Sargent agreed to plead guilty to wire fraud for asserting fraudulent claims amounting to $24,000.00.  However, Sargent ultimately received funds from GCCF that exceeded $70,000.00, and the plea agreement stated that the government reserved the right to inform the court and the probation office of all facts pertinent to the sentencing process; actual loss was pertinent to the sentencing process.  Thus, the government did not introduce facts at sentencing that contradicted the facts stipulated to in the agreement because the agreement only stated that Sargent had submitted claims for $24,000 and did not discuss the actual loss suffered.  *See De La Garza*, 516 F.3d at 1269.  Accordingly, we affirm.

**AFFIRMED.**

3